

# The Attorney General of Texas

July 3, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Ogden Bass
Brazoria County District Attorney
Angleton, Texas 77515

Opinion No. H-1201

Re: Whether a magistrate in an administrative driver's license suspension hearing authorized by 6701l-5, V.T.C.S., has the power to probate the suspension of the driver's license.

Dear Mr. Bass:

You have requested our opinion as to whether a magistrate in an administrative hearing under article 6701l-5, V.T.C.S., is authorized to probate the suspension of a driver's license.

Section 2 of article 6701l-5 provides:

> If a person under arrest refuses, upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given, but the Texas Department of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor and that the person had refused to submit to the breath test upon the request of the law enforcement officer, shall set the matter for a hearing as provided in Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes), if, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway while under

the influence of intoxicating liquor at the time of the arrest by the officer, (2) that the person was placed under arrest by the officer at such time and before offering the person an opportunity to be tested under the provisions of this Act, and (3) that such person refused to submit to the test upon request of the officer, the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive, or any nonresident operating privilege for the period ordered by the court, but not to exceed one (1) year. If the person is a resident without a license or permit to operate a motor vehicle in this State, the Texas Department of Public Safety shall deny to the person the issuance of a license or permit for a period ordered by the court, but not to exceed one (1) year. Provided, however, that should such person be found "not guilty" of the offense of driving while under the influence of intoxicating liquor or if said cause be dismissed, then the Director of the Texas Department of Public Safety shall in no case suspend such person's driver's license; or, in the event that proceedings had been instituted resulting in the suspension of such person's driver's license, then the Director of the Texas Department of Public Safety shall immediately reinstate such license upon notification of such acquittal or dismissal by the county clerk of the county in which the case was pending. Notification to the Director of the Texas Department of Public Safety shall be made by certified mail.

Thus, under the terms of the statute, a hearing must be held whenever an officer has "reasonable grounds" to believe that a person has been driving a vehicle while under the influence of intoxicating liquor, and that person refuses the officer's request that he submit to a breath test. If the magistrate makes certain findings, the statute requires the suspension of the person's license to drive for a period of up to one year. You ask whether the magistrate may probate this suspension.

The hearing contemplated by article 6701l-5 is the kind "provided in Section 22(a) . . . article 6687b . . . ." Section 22(e) of article 6687b provides:

The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, or the court trying an appeal under Subsection (c) of this section, on determining that the License shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or

suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper. The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation.

The procedure of section 22(a) is applicable to a hearing based upon failure to submit to a breath test, and section 22(e), which authorizes probation of the license suspension, is applicable to hearings under subsection (a). It follows therefore that probation of the license suspension is a permissible alternative in any hearing based upon failure to submit to a breath test.

Attorney General Opinion M-498 (1969), which held that probation is not permitted for an automatic license suspension after a conviction for driving while intoxicated unless the entire judgment of conviction and sentence is probated, is not to the contrary. That opinion dealt with automatic suspension based upon a criminal conviction under section 24 of article 6687b. Section 22e of article 6687b, on the other hand, applies only to the authority of a judge acting in an administrative capacity. Accordingly, it is our opinion that a magistrate in an administrative hearing under article 6701 1-5 may probate the suspension of a driver's license.

## SUMMARY

A magistrate in an administrative hearing under article 6701 1-5, V.T.C.S., may probate the suspension of a driver's license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn